Brian Mills (#216078)
bmills@swlaw.com
Erin D. Leach (#247785)
eleach@swlaw.com
Amina Mousa (#319335)
amousa@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant
Sterling Jewelers Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERVIN SHAKOURY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STERLING JEWELERS INC., a corporation; and DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | CASE NO. 2:19-cv-1341<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) (DIVERSITY)**<br><br>(Case removed from Superior Court of California, County of Orange, Case No. 30-2019-01045446-CU-WT-CJC, Complaint filed: January 18, 2019) |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

　　PLEASE TAKE NOTICE that defendant Sterling Jewelers Inc. ("Defendant") hereby removes to this Court the state court action entitled *Shervin Shakoury, Plaintiff v. Sterling Jewelers Inc., a corporation; and Does 1-50, inclusive, Defendants,* case number 30-2019-01045446-CU-WT-CJC, previously pending in the Superior Court of California, Orange County, pursuant to 28 U.S.C. §§1332, 1441, and 1446. As grounds for removal, Defendant states as follows:

**State Court Action**

1. On January 18, 2019, an action was commenced in the Superior Court of the State of California, County of Orange, entitled *Shervin Shakoury, Plaintiff v. Sterling Jewelers Inc., a corporation; and Does 1-50, inclusive, Defendants,* as case number 30-2019-01045446-CU-WT-CJC (the "State Court Action"). A copy of the complaint is attached as Exhibit 1.

2. The date upon which Defendant received a copy of the complaint through service of process was on January 25, 2019, when Defendant's registered agent for service of process, C T Corporation System, was personally served with a copy of the summons and complaint. A copy of the summons is attached as Exhibit 2. This notice of removal is timely filed pursuant to 28 U.S.C. § 1446 (b) in that it is filed within 30 days after receipt by Defendant of a copy of the complaint. Defendant was also served with a Civil Case Cover Sheet, a copy of which is attached as Exhibit 3.

3. On February 20, 2019, Defendant filed an answer. A copy of the answer is attached as Exhibit 4.[1]

4. There have been no orders served on Defendant in the State Court Action.

**Jurisdiction**

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**Diversity of the Parties and the Amount in Controversy Warrant Removal**

---

[1] Conformed copy to follow due to e-filing backlog at Orange County Superior Court.

6. "[T]he purpose of diversity jurisdiction is to avoid the effects of prejudice against outsiders." *Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990); *see also Spencer v. U.S. Dist. Court for N. Dist. of Ca.,* 393 F.3d 867, 870 (9th Cir. 2004) (the forum defendant rule reflects the belief that federal diversity jurisdiction would be unnecessary because there is less reason to fear state court prejudice against the defendant if he is from the forum state). That purpose would be served by having this matter decided in federal court.

7. Specifically, plaintiff was, at the time of the filing of this action, and still is, a citizen of the State of California (plaintiff is a citizen of the United States and is domiciled in California). [*See* Exhibit 1, ¶ 2.] As set forth in the Complaint and confirmed by the concurrently filed Declaration of Miguel Torres ("Torres Declaration"), Defendant was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the in the State of Ohio. [Exhibit 1, ¶ 3; Torres Declaration, ¶ 2.] Consequently, Defendant is a citizen of the states of Delaware and Ohio. *See* 28 U.S.C. §1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business").

8. Plaintiff's complaint identifies no other named defendants and specifically states "Miguel Chavarria . . . is an individual and not a named Defendant." [Exhibit 1, ¶ 14.] Further, Doe defendants "shall be disregarded" for removal purposes. *See* 28 U.S.C.S. §1441(a).

9. Accordingly, since plaintiff is a citizen of California and Defendant is a citizen of Delaware and Ohio, complete diversity of citizenship exists in this matter pursuant to 28 U.S.C. § 1332.

10. Removal is proper if the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. 28 U.S.C § 1332(a). Where a complaint does not demand a dollar amount, the removing party must prove by a

preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Cohn v. Petsmart*, 281 F.3d 837, 839 (9th Cir. 2002). A removing defendant need not prove to a legal certainty that the amount in controversy requirement has been met; rather, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

11. The Complaint here does not demand a specific dollar amount. [Exhibit 1.]

12. Although Defendant contends that it is not liable to Plaintiff in any way, a review of the Complaint and plaintiff's previous pre-litigation settlement demand establish that plaintiff seeks to recover in excess of $75,000, exclusive of interest and costs, as required for diversity jurisdiction under 28 U.S.C. § 1332.

13. The State Court Action is an action for damages arising from plaintiff's employment with Defendant. Plaintiff alleges six causes of action: (1) harassment in violation of the Fair Employment and Housing Act, (2) failure to maintain a work environment free from harassment, (3) unlawful retaliation, (4) wrongful termination – constructive discharge, (5) intentional infliction of emotional distress, and (6) negligent infliction of emotional distress. [Exhibit 1.]

14. According to the allegations of the Complaint, as a result of Defendant's conduct, "PLAINTIFF suffered injuries including, but not limited to, physical and mental pain and suffering, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court." [Exhibit 1, ¶ 62.] Plaintiff further alleges as a result of Defendant's conduct, she "has suffered and continues to suffer special damage, including loss of front pay and benefits and back pay and benefits as shall be proved at trial." [Exhibit 1, ¶ 68.] Plaintiff also alleges as a result of Defendant's

conduct, she suffered "extreme emotional distress" and "has suffered injury to her mental and emotional well-being including fear, anxiety, depression, pain humiliation, anger, despair, embarrassment, and uncertainty . . . ." [Exhibit 1, ¶¶ 74, 83.]

15. Plaintiff is also seeking punitive damages on three of her causes of action. [Exhibit 1, ¶¶ 63, 67, 85.] Punitive damages awards must be considered in calculating the amount in controversy for jurisdictional purposes. *Yates v. Nimeh*, 486 F. Supp. 2d 1084, 1089 (N.D. Cal. 2007) ("In calculating the amount in controversy, the Court must also consider punitive damages that plaintiff can recover as a matter of law.").

16. In addition, plaintiff also seeks recovery of attorneys' fees under California Government Code section 12965(b). [Exhibit 1, ¶ 73; Prayer for Relief.] Both mandatory and discretionary attorneys' fee awards can be considered by the Court in determining the jurisdictional amount. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

17. As shown above, plaintiff's claims for lost earnings and benefits, emotional distress damages, punitive damages, and attorneys' fees place the amount in controversy well in excess of $75,000. *See White v. FCI USA, Inc.*, 319 F.3d 672 (5th Cir. 2003) (it was facially apparent that plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages" combined with attorney's fees).

18. Further, on April 27, 2018, in plaintiff's initial demand letter to Defendant, plaintiff's counsel demanded $1,000,000 to settle the case based on the alleged damages suffered by plaintiff as a result of the same conduct alleged in plaintiff's complaint. [Declaration of Erin D. Leach, ¶ 2, Ex. 5.] "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a

reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.* 281 F.3d 837, 840 (9th Cir. 2002).

19. Although Defendant denies plaintiff's allegations and believes they are without merit, it is clear, if these allegations are taken as true, the amount in controversy exceeds $75,000, exclusive of costs and interest.

### Timeliness of the Removal

20. This notice of removal is timely filed pursuant to 28 U.S.C. § 1446 (b) in that it is filed within a year of the filing of the Complaint and within 30 days after receipt by Defendant of a paper from which it may first be ascertained that the case is one which is or has become removable, namely the Complaint.

### Written Notice

21. Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be promptly provided to all parties and/or counsel. A copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of California, Orange County.

Dated: February 22, 2019                    SNELL & WILMER L.L.P.

By: */s/ Erin D. Leach*
Brian Mills
Erin D. Leach
Amina Mousa
Attorneys for Defendant Sterling Jewelers Inc.

*Shervin Shakoury vs. Sterling Jewelers Inc.*
USDC, Central District, Case No. 2:19-cv-1341

# CERTIFICATE OF SERVICE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California, 92626.

    On February 22, 2019, I served, in the manner indicated below, the foregoing document described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(B) (DIVERSITY)** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

| | |
|---|---|
| Joshua Bordin-Wosk, Esq.<br>Lindsay Burton, Esq.<br>B/B Law Group LLP<br>6100 Center Drive, Suite 1100<br>Los Angeles, CA 90045 | **Attorneys for Plaintiff**<br><br>Tel:    323-925-7800<br>Fax:   323-925-7801<br>Email:<br>JBordinWosk@BBLawGroupLLP.com<br>LBurton@BBLawGroupLLP.com |

[x]   BY REGULAR MAIL: I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (F.R.C.P. § 5 (b)(2)(C)).

[x]   BY E-FILING (USDC Central): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

[x]   FEDERAL: I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

    Executed on February 22, 2019, at Costa Mesa, California.

*/s/ Antonia Martin*
_____
Antonia Martin

CERTIFICATE OF SERVICE